UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ROBERT HANKS & STEPHANIE HANKS,<br><br>PLAINTIFFS,<br><br>vs.<br><br>CLARK COUNTY; DEPUTY LANNY KIPP, individually and as an employee of Clark County Sheriff's Office; DEPUTY SHAUN KAYS, individually and as an employee of Clark County Sheriff's Office; DEPUTY SEAN BOYLES, individually and as an employee of Clark County Sheriff's Office; DEPUTY SHANE CELEMENHAGEN, individually and as an employee of Clark County Sheriff's Office; DEPUTY DONALD SULLIVAN, individually and as an employee of Clark County Sheriff's Office; DEPUTY SAMIR VEJO, individually and as an employee of Clark County Sheriff's Office;<br><br>DEFENDANTS. | No.  3:22-cv-5359<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**<br><br>**[JURY DEMAND]** |

## I.    <u>INTRODUCTION</u>

1.1    This is a civil action brought by plaintiffs, Mr. and Mrs. Hanks, against Clark

County, and sheriff's deputies Kipp, Kays, Boyles, Clemenhagen, Sullivan and Vejo, whom

without probable cause or reasonable suspicion came to the Hanks home in the form of a SWAT

COMPLAINT AND DEMAND
NO. _____                              1

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

team and arrested Mr. Hanks at gunpoint in his driveway, and then conducted an unreasonable warrantless search of the Hanks home, wherein they photographed Ms. Hanks and the inside of the home, thereby depriving plaintiffs of their rights, property, and liberty without due process of law, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. and §§ 1983, 1985, 1986, and 1988, and common law.

## II.   PARTIES

2.1     Plaintiff ROBERT HANKS was at all times relevant a citizen of the United States residing in Clark County, Washington.

2.2     Plaintiff STEPHANIE HANKS was at all times relevant a citizen of the United States residing in Clark County, Washington.

2.3     Defendant CLARK COUNTY, a municipal corporation, is a lawfully constituted municipal corporation and body politic of the State of Washington, and at all times material to this action operated the Clark County Sheriff's Office.

2.4     Defendant DEPUTY LANNY KIPP, is, and at all times relevant was, a resident of the Clark County, Washington, and employee of the Clark County Sheriff's Office, acting as a lawfully commissioned Sheriff's. DEPUTY LANNY KIPP is being sued both in his individual capacity, personal capacity, and official capacity.

2.5     Defendant DEPUTY SHAUN KAYS, is, and at all times relevant was, a resident of the Clark County, Washington, and employee of the Clark County Sheriff's Office, acting as a lawfully commissioned Sheriff's Deputy. DEPUTY SHAUN KAYS is being sued both in his individual capacity, personal capacity, and official capacity.

2.6     Defendant DEPUTY SEAN BOYLES, is, and at all times relevant was, a resident of the Clark County, Washington, and employee of the Clark County Sheriff's Office, acting as a

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

lawfully commissioned Sheriff's Deputy. DEPUTY SEAN BOYLES is being sued both in his individual capacity, personal capacity, and official capacity.

2.7     Defendant DEPUTY SHANE CELEMENHAGEN, is, and at all times relevant was, a resident of the Clark County, Washington, and employee of the Clark County Sheriff's Office, acting as a lawfully commissioned Sheriff's Deputy. DEPUTY SHANE CELEMENHAGEN is being sued both in his individual capacity, personal capacity, and official capacity.

2.8     Defendant DEPUTY DONALD SULLIVAN, is, and at all times relevant was, a resident of the Clark County, Washington, and employee of the Clark County Sheriff's Office, acting as a lawfully commissioned Sheriff's Deputy. DEPUTY DONALD SULLIVAN is being sued both in his individual capacity, personal capacity, and official capacity.

2.9     Defendant DEPUTY SAMIR VEJO, is, and at all times relevant was, a resident of the Clark County, Washington, and employee of the Clark County Sheriff's Office, acting as a lawfully commissioned Sheriff's Deputy. DEPUTY SAMIR VEJO is being sued both in his individual capacity, personal capacity, and official capacity.

### III.     JURISDICTION AND VENUE

3.1     This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(3) and § 1988, and the Fourth and Fourteenth Amendments.

3.2     Jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, and 1343 and the aforementioned statutory and constitutional provisions.

3.3     This action also includes state law claims arising from the same incident and involving the same parties.

COMPLAINT AND DEMAND
NO. _____
3
ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

3.4     This court can and should exercise supplemental jurisdiction over state claims and other parties under 28 U.S.C. § 1367(a), as the other claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

3.5     All parties are resident in or doing business in Clark County, Washington, and the Western District of the United States Federal Court for Washington, and are citizens of the United States of America.

3.6     Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Clark County, Washington, which is in this court's district and division.

3.7     The complaint is timely filed within the applicable statute of limitations. The appropriate statute of limitations is Washington's three-year statute for personal injury claims. RCW 4.16.080. The United States Supreme Court and the Ninth Circuit have held that 42 U.S.C. § 1983, which does not contain a statute of limitations, adopts the relevant statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Stanley v. Trustees of California State University*, 433 F.3d 1129 (9th Cir. 2006).

## IV.     FACTUAL ALLEGATIONS

4.1     Mr. Hanks is a retired veteran of the United States military.

4.2     Mr. Hanks was honorably discharged upon completion of his 24.5 years of service in the military.

4.3     At all times relevant to this case, Mr. Hanks was an employee of the Clark County Sheriff's Office.

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.4     Mrs. Hanks and Mr. Hanks have been married for several years prior to the events of this case.

4.5     Mrs. Hanks was previously married and had experienced domestic violence in her prior marriage.

4.6     As a result of the domestic violence that Mrs. Hanks had experienced in her prior marriage she was particularly vulnerable to police abuse of authority at her home.

4.7     At all times relevant to this matter, Mr. and Mrs. Hanks lived at their home at 27207 NE 34th Street, Camas, Washington.

4.8     On the evening of August, 23, 2020, Mr. and Mrs. Hanks where at home with their three children.

4.9     Mr. Hanks just finished barbecuing some chicken on the outdoor grill.

4.10    Also on the evening of August, 23, 2020, a man called 911 to report that he had received second hand and unverified  claim that Mr. Hanks had assaulted his wife.

4.11    The caller told the 911 dispatcher clearly that he did not personally see anything and was only delivering second hand information.

4.12    The caller told 911 that a guy is hurting his wife "I guess."

4.13    The caller told 911 that a female unrelated to either him or Mr. Hanks made the accusation.

4.14    The caller told 911 "I don't know if she seen him or not."

4.15    The 911 dispatcher asked "Did she see him hitting her? Did she just hear something?" and the caller advised dispatch "I don't know if she seen him or not."

4.16    The 911 dispatcher asked "Is she's still there?" and he advised "I don't know. No."

4.17    The caller never provided the name of the female to the 911 dispatcher.

4.18    On the evening of August, 23, 2020, nobody in law enforcement ever talked to the female who made the accusation.

4.19    On the evening of August, 23, 2020, the female accuser had a warrant for her arrest.

4.20    911 calls made in Clark county Washington, and the City of Vancouver, are handled and documented by an agency referred to as "CRESSA."

4.21    CRESSA dispatchers take 911 calls and relays caller information to deputies using both radio and text messages.

4.22    CRESSA documents 911 calls using an incident report referred to as an "incident drill down."

4.23    According to the CRESSA indecent drill down, on the evening of August, 23, 2020, at 19:32:20, the call referenced above was made to 911.

4.24    According to the CRESSA indecent drill down, at 19:32:26, the 911 dispatcher recorded that the caller was proving "SECOND HAD INFO."

4.25    According to the CRESSA indecent drill down, at 19:34:09, the 911 dispatcher recorded that "RP DOESNT KNOW ANY OTHER INFO OR WHERE ANYONE IS AT."

4.26    Clark County law enforcement officers and 911 dispatchers also communicate using electronic messages on a communication platform called "CAD" or "MDC."

4.27    When a user sends a message on CAD/MDC the message is visible to the other deputies on the system that are associated with an active matter.

4.28    In this case, all defendant deputies were associated with the matter and able to see the CAD/MDC messages associated with this matter.

4.29    At 7:48:19 PM,  Roxanne Da Corte sent a MCD message to Samir Vejo, saying

Mr. Hanks "IS FORMER COMMAND SEARGEANT MAJOR (RETIRED) NATIONAL

GUARD AND SQUAD LEADER AT US ARMY."

4.30    At 7:52:54 PM, Brian Ellithorpe sent an MCD message to Jeffrey Ruppel saying

"Acknowledgement of message 15569687- not yet...headed out to that disturbance, suspect is jail

staff per lanny."

4.31    There was at least 20 minutes from the original 911 call to the time in which

defendant deputies made contact with Mr. Hanks, but they never contacted the alleged female

witness.

4.32    Instead of contacting the alleged female witness, or establishing probable cause or

even reasonable suspicion, the defendant deputies took steps to conduct a SWAT style arrest of

Mr. Hanks.

4.33    Without probable cause, defendant deputies prepared to come down the road to the

Hanks' family home, using a patrol SUV as a shield and a 4 man stack with weapons deployed,

with a ballistic shield, a grenade launcher, and a K9.

4.34    The defendant activities cause alarm in neighbor Leslie Bergshoff, who then called

Mrs. Hanks to see if she knew why the deputies were taking such actions.

4.35    Mrs. Bergshoff told Mrs. Hanks that she observed multiple deputies, cars blocking

their driveway, and coming down the road in a formation with a K9 and weapons deployed.

4.36    At least one deputy was carrying a rifle, the type of which is commonly referred to

as an "assault rifle" or "AR" platform rifle.

COMPLAINT AND DEMAND
NO. _____

7

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.37    After receiving the call from Mrs. Bergshoff, Mrs. Hanks told Mr. Hanks what was going on and he walked outside to see if he knew the Deputies or could find out why they were in the neighborhood.

4.38    Once Mr. Hanks walked out of his home he started walking down the driveway towards defendant deputies to see what was going on.

4.39    The Hanks family driveway is approximately 250 feet long.

4.40     As Mr. Hanks walked down the driveway he noticed that the defendant deputies were coming up the Hanks family driveway and while he was approximately 75 to 100 feet away he asked them, "hey guys what's going on?"

4.41    According to the CRESSA indecent drill down, at 20:01:41, the defendant with radio call sign "1S84" radioed in "WE HAVE CONTACT."

4.42    When Mr. Hanks asked what was going on, his hands were out away from his sides.

4.43    At the time, Mr. Hanks was wearing only shorts, a gray t-shirt, and flip-flops.

4.44    The defendant deputies then ordered Mr. Hanks to lay down on the ground.

4.45    Mr. Hanks was confused and startled by the command, and responded by asking "huh?"

4.46    At that time, the defendant deputies were standing behind a patrol vehicle.

4.47    Mr. Hanks was then commanded a second time to get on the ground.

4.48    The tone of the defendant deputy's voice made clear that Mr. Hanks was being ordered to get down, not asked.

4.49    It was clear to Mr. Hanks that if he did not get on the ground as commanded he would be put on the ground by force.

4.50    At that point, out of fear for his personal safety and life, Mr. Hanks submitted to the commands of the defendant deputies and got down on the driveway.

4.51    Mr. Hanks was made to lay in the prone position with his body and face down on the gravel driveway, while at gunpoint.

4.52    On information and belief, one or more of the defendant deputies had their guns out of their holsters, and pointed at Mr. Hanks.

4.53    There was no justification for the detention and arrest of Mr. Hanks, nor the command that he lay face down in the gravel.

4.54    While lying face down on the gravel, Mr. Hanks asked them, "what's going on?"

4.55    Mr. Hanks was then ordered to turn his head away from the defendant deputies and to keep it facing away from them.

4.56    The defendant's then handcuffed Mr. Hanks behind his back and arrested in public view.

4.57    Mr. Hanks fully complied with all commands from the defendants, and gave no indication he was a risk of flight or violence.

4.58    Yet, one of the defendant deputies unnecessarily and unreasonable kneeled on top of Mr. Hanks while making the arrest.

4.59    Mr. Hanks observed a defendant deputy with a 40mm gun deployed and realized the defendant deputies were prepared to use deadly force against him and or his family.

4.60    According to the CRESSA indecent drill down, at 20:02:39, the defendant with radio call sign "1B84" radioed in "MALE DETAINED @ 2002."

4.61    After the defendants arrested Mr. Hanks, without probable cause or reasonable suspicion, they went to his home.

4.62    At no point did Mr. Hanks give permission for the deputies to search his person or his home.

4.63    Mr. Hanks was not asked by the deputies if they could search his home.

4.64    The defendant deputies kept Mr. Hanks near the middle of his driveway, approximately 75 to 100 feet from his home, so they could search his home without his knowledge.

4.65    Once defendant deputies made it to Mr. Hanks home they made contact with Mrs. Hanks outside of the home.

4.66    The defendant deputies then went inside the Hanks family home and searched the home.

4.67    The defendant deputies took photographs of the inside of the home and also Mrs. Hanks.

4.68    Defendant Deputy Donald Sullivan is one of the deputies who went into the home.

4.69    Defendant Deputy Shane Clemenhagen is one of the deputies who went into the home.

4.70    Defendant deputies never asked for, nor received permission to enter or search the home.

4.71    When defendant deputies entered and searched the home they had no warrant, and no exception to the warrant requirement.

4.72    The warrantless entry into the Hanks family home was unreasonable.

4.73    This incident caused great emotional trauma to Mr. Hanks and Mrs. Hanks.

4.74    Both he and his wife were traumatized by the defendant's actions.

4.75    For Mrs. Stephanie Hanks, the event triggered memories past abuse and has caused her nightmares from her of being a victim of a domestic violence assault from her ex-husband.

4.76     Mrs. Hanks has been receiving treatment from a mental health counselor every other week due to this violation of her rights and home by defendants.

4.77     Mr. Hanks was told by at least one of the defendant deputies that they treated him the way they did specifically because he was a veteran of the United States Military.

4.78     The defendant deputies never apologized to Mr. or Mrs. Hanks.

4.79     Some of the defendant deputies later wanted to apologize to Mr. and Mrs. Hanks, but were directed to not apologize by Sergeant Elethorp.

4.80     Following the arrest of Mr. Hanks, some or all of the defendant officers wrote reports.

4.81     Defendant Sullivan's report admits that the 911 caller, Carl, "said he was asked to call 911 by his daughter in law. He stated he did not actually see or hear any disturbance."

4.82     Defendant Sullivan's report admits "Carl was told this by his daughter in-law who said she witnessed the assault. Deputies arrived and found no evidence a physical altercation took place."

4.83     Defendant Sullivan's report admits "No crime committed."

4.84     Defendant Sullivan's report admits "Several deputies and I arrived at the residence. As deputies were approaching the residence from the driveway Robert and Stephanie exited the house through the garage door and appeared to be confuse why deputies were approaching the house. As deputies approached Robert, I told him to get on his stomach with his hands out. Robert complied with my commands and was detained in wrist restraints. Robert was extremely cooperative."

4.85     Defendant Sullivan's report admits "I then spoke with Stephanie next the garage in the driveway. I asked Stephanie if Robert had assaulted her and she stated "No."

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.86    Defendant Sullivan's report admits "Stephanie said she and Robert had been working on a school room for their daughter and the chicken coop all day. Stephanie said they just finished barbecuing and were just sitting down to dinner when a neighbor called and told her several sheriff's deputies walking towards her house. I didn't notice any marks on Stephanie."

4.87    Defendant Clemenhagen's report admits Carl was only reporting second hand information.

4.88    Defendant Vejo's report admits Carl was only reporting second hand information.

4.89    Defendant Vejo's report admits "Upon arrival several Deputies and I contacted Robert in front of the residence. Once Robert was detained, Sergeant Ellithorpe and I changed location to 3005 NE Cooper Rd in attempt to contact Becky or Carl. While at 3005 IME Cooper Rd, Sergeant Ellithorpe and I made several attempts to make contact at the residence but there was no response. After several knocks on the door and ringing the doorbell, we contacted Bill Leake D.O.B 04-15-1960 in front of the house."

4.90    Defendant Vejo's report admits "Prior to speaking with Bill, I asked if his father Carl was available to speak with me since he was the one who called 9-1-1. Bill advised Carl is not available since he does not "feel well" Bill advised it was his girlfriend Becky who actually heard the incident and she advised Carl to call 9-1-1. I asked Bill if I can speak with Becky, Carl advised she is not here and is unsure where she went. Bill stated he has been trying to locate her but has not been able to do so. Bill stated Becky went on a walk. I asked Bill if he had a good phone number for Becky, Bill advised the only number Becky has is the home number."

4.91    Defendant Vejo's report admits Becky had advised Bill she did not actually see Robert.

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.92     Defendant Vejo's report admits that during his conversation with Bill, Bill was not willing to provide contact information for Becky or himself.

4.93     At all times relevant to this case, deputy deputies were law enforcement officer for the Clark County Sheriff's Office and acting under color of state law.

4.94     There was no exigent circumstance justifying the warrantless entry in this matter.

4.95     There was no consent given for the warrantless entry in this matter.

4.96     The force used by Defendants to subdue and seize Mr. Hanks was excessive under the facts and circumstances as they were known to the officers.

4.97     The conduct of Defendants was unjustified and unreasonable.

4.98     The right to be free from unreasonable detention, arrest, and excessive force by State actors was well known to Defendants, and was clearly established at the time of these acts and events described herein.

4.99     In relying on only unverified hearsay, failing to directly communicate with the alleged witness before detaining and arresting Mr. Hanks, Defendants unreasonably failed to use ordinary care when dealing with Mr. and Mrs. Hanks.

4.100    As a result of the acts of Defendants, Mr. and Mrs. Hanks have suffered injury to body and mind, emotional distress, and humiliation.

4.101    Clark County is liable for these intentional, reckless, and negligent actions by its officers, which foreseeably resulted in the unreasonable detention and arrest of Mr. Hanks.

4.102    In November of 2014, the Washington State Attorney General issued a formal opinion that Washington State law does not require police departments to obtain the consent of law enforcement officers to use body cameras attached to police uniforms.  AGO 2014 No. 8.

4.103    Clark County has not implemented the use of body cameras at the Sheriff's Office.

COMPLAINT AND DEMAND
NO. _____                              13

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

4.104   Clark County has not issued body cameras to any officers at the Sheriff's Office.

4.105   Clark County has not mandated the use of body cameras by officers at the Sheriff's Office.

4.106   No officer at the Sheriff's Office uses body cameras.

4.107   Clark County has not implemented the use of patrol vehicle cameras at the Sheriff's Office.

4.108   On or about January 5, 2022, a notice required under RCW 4.96 et. seq. was served on the CLARK COUNTY, regarding the federal and state law claims pleaded in this complaint.

4.109   Said notice was received and acknowledge on or about January 11, 2022.

## V.   FIRST CAUSE OF ACTION
### SEIZURE OF PERSON
### FOURTH AMENDMENT VIOLATION
### (42 U.S.C. § 1983 *et seq.*)

5.1   Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

5.2   Defendants unreasonably, recklessly, knowingly, intentionally, willfully and wantonly seized Mr. and Mrs. Hanks and their residence by handcuffing Mr. Hanks face down in the gravel and entering their residence and seizing their residence without a warrant or an exception to the warrant requirement.

5.3   Defendants had no reasonable suspicion that Mr. Hanks had committed any crime.

5.4   The seizure of Plaintiff's and their residence by Defendants was unreasonable.

5.5   Defendants restrained Plaintiffs' liberty through coercion, and physical force or a show of authority.

5.6   Under all of the circumstances, a reasonable person in Plaintiffs' position would not have felt free to ignore the presence of law enforcement and to go about her business.

5.7     At no point did Defendants advise Plaintiff's that that they were free to leave.

5.8     From the time that Defendants ordered Mr. Hanks to get on the ground, he and Mrs. Hanks were not free to leave.

5.9     As a result of the actions of Defendants, Plaintiffs were deprived of their control and use of their persons without due process of law in violation of their rights under the Fourth and Fourteenth Amendments to the United States Constitution.

5.10    As a proximate result of the violation of the Plaintiffs' constitutional rights, by Defendants, Plaintiffs' suffered and will continue to suffer damages in the amount to be proven at trial.

5.11    The conduct of Defendants also subjects them to punitive damages in an amount to be proven at trial.

**VI.    SECOND CAUSE OF ACTION**
**ARREST WITHOUT PROBABLE CAUSE**
**FOURTH AMENDMENT VIOLATION**
**(42 U.S.C. § 1983 *et seq.*)**

6.1     Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

6.2     Defendants unreasonably, recklessly, knowingly, intentionally, willfully and wantonly arrested Mr. Hanks by acting with knowledge that Mr. Hanks was innocent of any crimes and without probable cause in violation of his 4th Amendment protections provided to him and every other citizen in the United States Constitution.

6.3     Probable cause never existed for the arrest of Mr. Hanks.

6.4     At all times, Defendants knew Mr. Hanks was innocent.

COMPLAINT AND DEMAND
NO. _____

15

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

6.5     As a proximate result of Defendants' violation of the Plaintiff's constitutional rights, Mr. Hanks suffered and will continue to suffer damages in the amount to be proven at trial.

6.6     Defendants conduct also subjects them to punitive damages in an amount to be proven at trial.

### VII.   THIRD CAUSE OF ACTION
### EXCESSIVE FORCE
(4th Amendment and 42 U.S.C. § 1983 *et seq.*)

7.1     Plaintiffs hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

7.2     Defendants used excessive force when they arrested Mr. Hanks.

7.3     As described in the preceding paragraphs, the conduct of Defendants constituted excessive force in violation of the Fourth Amendment of the United States Constitution.

7.4     The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of Mr. Hanks.

7.5     The right to be free from excessive force by state actors was well known to Defendants and was clearly established at the time of these acts and events. Qualified immunity defenses are not available to the officers here.

7.6     As a proximate result of Defendants' violation of the Plaintiff's constitutional rights, Plaintiff Robert Hanks suffered and will continue to suffer damages in the amount to be proven at trial.

7.7     The conduct of Defendants also subjects them to punitive damages in an amount to be proven at trial.

COMPLAINT AND DEMAND
NO. _____

16

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

## VIII.   FOURTH CAUSE OF ACTION
### DUE PROCESS-EXCESSIVE FORCE
### (14th Amendment and 42 U.S.C. § 1983 *et seq.*)

8.1     Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

8.2     Defendants acted under color of state law.

8.3     Defendants used excessive force when they arrested Mr. Hanks.

8.4     As described in the preceding paragraphs, the conduct of Defendants toward Mr. Hanks constituted excessive force in violation of the Fourth Amendment of the United States Constitution.

8.5     The misconduct described in this Count was objectively unreasonable and undertaken with willfulness and reckless indifference to the rights of Mr. Hanks.

8.6     The right to be free of excessive force by sate actors was well known to Defendants and was clearly established at the time of these acts and events. Qualified immunity defenses are not available to the officers here.

8.7     As a proximate result of Defendants' violation of the Plaintiff's constitutional rights, Mr. Hanks suffered and will continue to suffer damages in the amount to be proven at trial.

8.8     The conduct of Defendants also subjects them to punitive damages in an amount to be proven at trial.

## IX.   FIFTH CAUSE OF ACTION
### UNLAWFUL SEARCH OF HOME
### FOURTH AMENDMENT VIOLATION
### (42 U.S.C. § 1983 *et seq.*)

9.1     Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

COMPLAINT AND DEMAND
NO. _____

17

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

9.2     Defendants unreasonably, recklessly, knowingly, intentionally, willfully and wantonly entered and searched Plaintiffs' residence without a warrant or an exception to the warrant requirement.

9.3     The search of Plaintiffs' home by Defendants was unreasonable.

9.4     Defendants acted with knowledge that they had no legal basis to enter and search her home.

9.5     A warrant never existed for the search of Plaintiffs' residence.

9.6     No authority in law existed to search Plaintiffs' home.

9.7     As a result of the actions of Defendants, Plaintiffs were deprived of their control and use of their property, both the residence and its contents, without due process of law in violation of her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

9.8     As a proximate result of the violation of the Plaintiffs' constitutional rights, by Defendants, Plaintiffs suffered and will continue to suffer damages in the amount to be proven at trial.

9.9     The conduct of Defendants also subjects them to punitive damages in an amount to be proven at trial.

## X.      SIXTH CAUSE OF ACTION
### NEGLIGENCE
**(State Law)**

10.1   Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

10.2    On the date that Defendants arrest Mr. Hanks and searched Plaintiffs' home, they were acting as agents of the Clark County, within the scope of their employment with Clark County.

10.3    Clark County and its agents, Defendant officers, owe a duty of care to persons with whom they interact in a police operation involving second hand unverified reports of a crime, to take reasonable care so not to cause foreseeable harm, such as wrongful detention and arrest, in the course of such law enforcement interactions.

10.4    Defendant officers have a duty of reasonable care to refrain from making detentions without reasonable suspicion under general notions of negligence under the common law.

10.5    Defendant officers have a duty of reasonable care to refrain from making arrests without probable cause under general notions of negligence under the common law.

10.6    Defendant officers have a duty of reasonable care to refrain from making unreasonable warrantless searches of homes under general notions of negligence under the common law.

10.7    Defendants owed such a duties to Plaintiffs and breached those duties.

10.8    Defendants' breach of duty proximately caused Plaintiff's injury as described above.

10.9    Clark County is responsible for the acts of its agent and employees and is therefore also liable.

10.10   Clark County, and Defendant Deputies are liable for the negligent actions which proximately caused Plaintiffs' injury.

10.11   As a result of the acts of the Defendants, Plaintiffs' suffered injury emotional distress, and humiliation, and are entitled to compensation in an amount to be proven at trial for

COMPLAINT AND DEMAND
NO. _____

19

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

his economic losses and non-economic losses and statutory attorney fees and costs, and such other relief as is deemed appropriate by the court.

## XI.   SEVENTH CAUSE OF ACTION
### ASSAULT AND BATTERY
#### (State Law)

11.1   Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

11.2   The acts of Defendants were made with intent to cause harmful or offensive contact or an apprehension by Mr. Hanks of such contact.

11.3   Clark County is responsible for the acts of its agent and employees, Defendants Deputies, and is therefore also liable.

11.4   As a result of the acts of the Defendants, Mr. Hanks has suffered injury and emotional distress and humiliation, and is entitled to compensation in an amount to be proven at trial for his economic losses and non-economic losses, and statutory attorney fees and costs, and such other relief as is deemed appropriate by the court.

## XII.   EIGHTH CAUSE OF ACTION
### NUISANCE
#### (State Law)

12.1   Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

12.2   Defendants intentionally and unlawfully invaded the property of Plaintiffs, thereby affecting their interest in exclusive possession of her property.

12.3   There was a reasonable foreseeability that the unlawful invasion by Defendants would disturb the Plaintiffs' possessory interest.

COMPLAINT AND DEMAND
NO. _____                          20

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

12.4    The invasion by Defendant annoyed, injured, or endangered the comfort, repose, health, or safety of Plaintiffs, or offended decency, or rendered Plaintiffs insecure in life, or in the use of her property.

12.5    As a result of Defendants' violations, Plaintiffs suffered and will continue to suffer damages to be proven at trial.

## XIII.   **INDEMNIFICATION**

13.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

13.2    In committing the acts alleged in the preceding paragraphs, Defendant deputies acted at all relevant times within the scope of their employment for Clark County.

13.3    As a result, pursuant to State Law, the Clark County must indemnify the Defendant deputies for any judgment against them.

## XIV.   **RESPONDEAT SUPERIOR**

14.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

14.2    In committing the acts alleged in the preceding paragraphs, Defendant deputies acted at all relevant times within the scope of their employment for Clark County.

14.3    Defendant Clark County, as principal, is liable for all torts, including state law torts, committed by its agents.  Clark County, as principal, should also be liable for the constitutional violations committed by its officers to the extent that, by law and County Code, Clark County is wholly responsible for providing the defense of individual Defendant Officers and for indemnifying them against any judgment or verdict that may result.

COMPLAINT AND DEMAND
NO. _____

21

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

## XV.   DAMAGES AND PRAYER FOR RELIEF

15.1    For the reasons stated above, Plaintiffs pray for the following relief:

15.2    For judgment against each of the Defendants, jointly and severally, for monetary special damages in an amount to be determined at trial;

15.3    For judgment against each of the Defendants, jointly and severally, for damages in the form of economic losses, non-economic loss, personal injuries, emotional distress, embarrassment, loss of reputation, loss of enjoyment of life and humiliation, in an amount presently unknown and to be made more certain at the time of trial, as well as incurring attorney fees and other losses;

15.4    For judgment against each of the Defendants, jointly and severally, for general compensatory damages in an amount to be determined at trial;

15.5    For judgment for punitive damages against each of the Defendants, jointly and severally, in an amount to be determined at trial;

15.6    For attorney fees and costs authorized by statute, including reasonable attorneys fees pursuant to 42 U.S.C. §1988;

15.7    WHEREFORE, Plaintiffs pray for damages as previously mentioned, together with other equitable relief, costs of this action and reasonable attorneys' fees, prejudgment interest on any lost wages or liquidated sums, punitive damages and any other relief as this Court deems equitable and just.

## XVI.   JURY DEMAND

16.1    Plaintiff is entitled to and hereby demands trial by a jury.

DATED Thursday, May 19, 2022.

ANGUS LEE LAW FIRM, PLLC

*S// D. Angus Lee*
D. Angus Lee, WSBA# 36473
Attorneys for Robert and Stephanie Hanks
Angus Lee Law Firm, PLLC
9105A NE HWY 99 Suite 200
Vancouver, WA 98665
Phone: 360.635.6464 Fax: 888.509.8268
E-mail: Angus@AngusLeeLaw.com

COMPLAINT AND DEMAND
NO. _____

23

ANGUS LEE LAW FIRM, PLLC
9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268